IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JEFFREY SCOTT SCHWENK, | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION NO. 20-1807 |
| | : | |
| v. | : | |
| | : | |
| CORRECTIONS OFFICER LOPEZ, | : | |
| PRIMECARE MEDICAL, BERKS | : | |
| COUNTY JAIL, and STACEY ACKER, | : | |
| | : | |
| Defendants. | : | |

## ORDER

**AND NOW**, this 21st day of September, 2020, after considering the application for leave to proceed *in forma pauperis* (Doc. No. 2) and complaint (Doc. No. 1) filed by the *pro se* plaintiff, Jeffrey Scott Schwenk ("Schwenk"); and for the reasons set forth in the separately filed memorandum opinion, it is hereby **ORDERED** as follows:

1.      The application for leave to proceed *in forma pauperis* (Doc. No. 1) is **GRANTED** and Schwenk has leave to proceed *in forma pauperis*;

2.      The complaint (Doc. No. 1) is **DEEMED** filed;

3.      Schwenk's claims against the Berks County Jail, Corrections Officer Lopez, and Stacey Acker, and his Eighth Amendment claim alleging cruel and unusual punishment are **DISMISSED WITH PREJUDICE**;

4.      The remainder of Schwenk's complaint is **DISMISSED WITHOUT PREJUDICE**;

5.      Schwenk may file an amended complaint within **thirty (30)** days of the date of this order. Any amended complaint must identify all defendants in the caption in addition to identifying them in the body of the amended complaint and shall state the basis for Schwenk's claims against

each defendant. The amended complaint shall be a complete document that does not rely on the initial complaint or other papers filed in this case to state a claim. When drafting his amended complaint, Schwenk should be mindful of the court's reasons for dismissing the claims in his initial complaint as explained in the court's separately filed memorandum opinion. Upon Schwenk filing an amended complaint, the clerk of court shall not make service until so ordered by the court;

6.      The clerk of court is **DIRECTED** to send Schwenk a blank copy of this court's current standard form to be used by a self-represented litigant filing a civil action, bearing the above-captioned civil action number. Schwenk may use this form to file his amended complaint if he chooses to do so;

7.      If Schwenk does not wish to amend his complaint and instead intends to stand on his complaint as originally pleaded, he may file a notice with the court within **thirty (30) days** of the date of this order stating that intent, at which time the court will issue a final order dismissing the case. Any such notice should be titled "Notice to Stand on Complaint," and shall include the civil action number for this case. *See Weber v. McGrogan*, 939 F.3d 232, 241 (3d Cir. 2019) ("If the plaintiff does not desire to amend, he may file an appropriate notice with the district court asserting his intent to stand on the complaint, at which time an order to dismiss the action would be appropriate." (quoting *Borelli v. City of Reading*, 532 F.2d 950, 951 n.1 (3d Cir. 1976))); *In re Westinghouse Sec. Litig.* 90 F.3d 696, 703–04 (3d Cir. 1996) (holding "that the district court did not abuse its discretion when it dismissed with prejudice the otherwise viable claims . . . following plaintiff's decision not to replead those claims" when the district court "expressly warned plaintiffs that failure to replead the remaining claims . . . would result in the dismissal of those claims"); and

8.      If Schwenk fails to file any response to this order, the court will conclude that he intends to stand on his complaint and will issue a final order dismissing this case. *See Weber*, 939

F.3d at 239–40 (explaining that court may infer plaintiff's intent to stand on complaint when plaintiff fails to act after issuance of order directing plaintiff to take action to cure defective complaint).[1]

BY THE COURT:

/s/ *Edward G. Smith*
EDWARD G. SMITH, J.

---

[1] The six-factor test announced in *Poulis v. State Farm Fire & Casualty Co.*, 747 F.2d 863 (3d Cir. 1984), is inapplicable to dismissal orders based on a plaintiff's intention to stand on his complaint. *See Weber*, 939 F.3d at 241 & n.11 (treating "standing on the complaint" doctrine as distinct from dismissals under Federal Rule of Civil Procedure 41(b) for failure to comply with court order, which requires assessment of *Poulis* factors); *see also Elansari v. Altria*, 799 F. App'x 107, 108 n.1 (3d Cir. 2020) (per curiam). Indeed, the court does not have to conduct a *Poulis* analysis when a plaintiff willfully abandons the case or makes adjudication impossible, as would be the case when a plaintiff opts not to amend his complaint, leaving the case without an operative pleading. *See Dickens v. Danberg*, 700 F. App'x 116, 118 (3d Cir. 2017) (per curiam) ("Where a plaintiff's conduct clearly indicates that he willfully intends to abandon the case, or where the plaintiff's behavior is so contumacious as to make adjudication of the case impossible, a balance of the *Poulis* factors is not necessary."); *Baker v. Accounts Receivables Mgmt., Inc.*, 292 F.R.D. 171, 175 (D.N.J. 2013) ("[T]he Court need not engage in an analysis of the six *Poulis* factors in cases where a party willfully abandons her case or otherwise makes adjudication of the matter impossible." (citing cases)).